**O'BRIEN, BELLAND & BUSHINSKY, LLC**
The Executive Plaza
2111 New Road   Suite 101
Northfield, New Jersey 08225
609-677-7930
Attorneys for Plaintiff
BY:   Mark E. Belland, Esquire (MEB-1222)
      Nancy S. Sokol, Esquire (NSS-1014)

RECEIVED-CLERK
U.S. DISTRICT COURT

2005 AUG -8  A 10: 31

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JAIME MALCOLM
31 South 17th Street
East Orange, New Jersey 07018

   Plaintiff,

v.

VERIZON NEW JERSEY, INC.
540 Broad Street
Newark, New Jersey 07101  AND

VERIZON – NATIONAL OPERATIONS –
NEW JERSEY
380 Nye Avenue
Irvington, New Jersey 07111  AND

PETER SARNI
1 Wildflower Lane
Bedminster, New Jersey 07921

   Defendants

Civil Action No: 05-3938 (WHW)

**COMPLAINT**

## NATURE OF THE ACTION AND RELIEF SOUGHT

1.   This is an employment discrimination case by an Employee alleging a continuing series of discriminatory conduct and harassment against him because of his race and because of his having complained about unlawful discrimination and seeking declaratory relief.

2.    This also is an action under the common law of the State of New Jersey against the Employer and the individual defendant.

3.    Plaintiff seeks compensatory and punitive damages against his Employer and the individual defendant for emotional distress.

## JURISDICTION AND VENUE

4.    This is an action arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, 28 U.S.C. § 2201 and the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-1 *et seq.*

5.    The jurisdiction of this court is invoked pursuant to the provisions of Title VII, 42 U.S.C. §§ 2000e-5 *et seq.* and 28 U.S.C. § 2201.

6.    Claims are also stated under the common law of New Jersey.

7.    The supplemental jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

8.    Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, the Defendants regularly conduct business and where all of the wrongful conduct occurred.

## PARTIES

9.    Plaintiff Jaime Malcolm, a Caucasian-American, is an adult male individual and citizen of the United States who resides at 31 South 17th Street, East Orange, New Jersey 07018. At all relevant times, Mr. Malcolm was an employee of Verizon, within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e(f), the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-5 and applicable case law.

10.   Defendant Verizon New Jersey, Inc. is a corporation doing business within the State of New Jersey, with its principal place of business located at 540 Broad Street, Newark, New Jersey 07101.

11.   Defendants Verizon – National Operations - New Jersey is a corporation doing business within the State of New Jersey, with its principal place of business located at 380 Nye Avenue, Irvington, New Jersey 07111. (Verizon New Jersey, Inc. and Verizon – National Operations - New Jersey are collectively referred to herein as "Verizon").

12.   At all relevant times, Verizon has in excess of fifteen employees and was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e(b) and the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-5.

2

13.     Defendant Peter Sarni, a Caucasian male, is an adult individual and citizen of the United States who resides at 1 Wildflower Lane, Bedminster New Jersey 07921. At all relevant times, Defendant Sarni was an employee of Verizon.

## ADMINISTRATIVE PREREQUISITES

14.     Plaintiff has complied with all of the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5 as follows:

> A.      On or about July 17, 2003, Mr. Malcolm timely filed a formal charge of discrimination with the Equal Employment Opportunity Commission ("EEOC");

> B.      Mr. Malcolm promptly and diligently accommodated all E.E.O.C. requests for information and fully cooperated in the Agency's investigation of this matter;

> C.      Mr. Malcolm has exhausted all available administrative remedies in accord with the aforementioned statute prior to instituting this Action. Mr. Malcolm received a Notice of Right to Sue from the EEOC which is dated May 9, 2005.

## FACTS

15.     The Plaintiff is currently employed by Defendant Verizon as a facilities technician. He has been employed by Defendant Verizon since January of 1996.

16.     The location where the Plaintiff works for Defendant Verizon is staffed predominantly by African-American employees.

17.     The Plaintiff gets along well with the African-American employees, listens to rap music, dresses in a style favored by the African-American employees and is dating an African-American woman.

18.     Defendant Sarni has made a number of comments indicating a bias against African-Americans, such as, but not limited to:

> A.      Defendant Sarni asked a white employee if that employee really wanted to each lunch with "those people [black employees]" and suggest that, instead, the white employee eat with him;

> B.      Defendant Sarni has questioned the white employee's friendship with a black co-worker;

> C.      Mr. Sarni presented a bottle of watermelon drink to the Plaintiff and stated that "you guys" like this stuff so he figured it belonged to the Plaintiff;

3

      D.     Mr. Sarni made a comment regarding the way "these people" lived in reference to a predominantly black neighborhood where work was being done.

19.     The Plaintiff is being subjected to harsh and unreasonable performance standards not generally applied and not consistent with applicable personnel practices and regulations, such as, but not limited to:

      A.     the Plaintiff has been written up and investigated for minor infractions when other employees who commit the same type of infraction are not written up;

      B.     the Plaintiff was written up for working past his normal quitting time yet Mr. Sarni said nothing to another employee who engaged in the same conduct.

      C.     the Plaintiff's time sheets have been scrutinized on an almost daily basis.

      D.     the Plaintiff has been suspended.

20.     The Plaintiff has filed a number of grievances against Defendant Sarni as well as unfair labor practice charges with the National Labor Relations Board. The first grievance was filed on April 9, 2003.

21.     The Plaintiff reported the harassment and discrimination to Defendant Sarni, other supervisors and the Verizon Ethics hotline. He was told they could not or would not help him.

22.     On or about April 15, 2003, the Plaintiff wore a "Black Workers Unity Movement" t-shirt to work. The Plaintiff received a 10-day suspension that same day.

23.     Plaintiff received no written discipline, suspensions, etc. until Defendant Sarni became Plaintiff's supervisor.

24.     Defendant Verizon has maintained, acquiesced in the maintaining of, or failed to take appropriate required action to eliminate a general and consistent pattern and practice of racial discrimination and harassment.

25.     Prior to the harassment, discrimination and retaliation against Plaintiff by the Defendants, the Plaintiff had a nearly perfect attendance record. After Defendant Sarni became Plaintiff's supervisor, Plaintiff was subjected to incidents of harassment, discrimination and retaliation, the Plaintiff has sought counseling, been put on depression medication, and taken sick days from work as a result. Plaintiff is still subjected to retaliation.

## COUNT ONE - VIOLATION OF TITLE VII

## AGAINST DEFENDANT VERIZON

26.     Plaintiff repeats the allegations of paragraphs 1-25 as is fully set forth herein.

27.     Defendant Verizon has discriminated against Plaintiff in the terms and conditions of Plaintiff's employment because of Plaintiff's race and racial stereotyping; and because Defendant Verizon participated in, observed and/or failed to take any to remedy the offensive comments made to Plaintiff in reference to his race, the Defendant created and allowed a hostile work environment to exist; and because Plaintiff opposed the unlawful discrimination and harassment by Defendant and in retaliation for Plaintiff making internal and external complaints of discrimination and harassment, including the filing of grievances and unfair labor practice charges.

**WHEREFORE,** Plaintiff demands judgment against Defendant and requests the following relief:

    a.     declare and adjudge that the actions of Defendant Verizon alleged in this Complaint constitute discriminatory and retaliatory practices taken against Plaintiff because of his race and exercise of rights in violation of 42 USC § 2000e *et seq.*;

    b.     direct Defendant Verizon to take specific corrective action for the discrimination and retaliation of Plaintiff in the past and protecting plaintiff from further acts of discrimination and retaliation in the future;

    c.     immediately remove Defendant Sarni and any other official found responsible for discriminatory and retaliatory treatment of Plaintiff from any position which enables them to discriminate or retaliate against any employee;

    d.     enjoin Defendant Verizon from taking personnel action, evaluating employees' performance, placing employees on performance improvement plans, scrutinizing employees' performance, disciplining or discharging employees from employment, criticizing their performance, and otherwise taking any adverse action against employees because of their race and exercise of protected activities;

    e.     order that all criticisms of Plaintiff's job performance and written or documented verbal reprimands or disciplinary action be stricken from all records;

    f.     award Plaintiff back pay, compensatory damages and punitive damages.

    g.     award Plaintiff attorneys fees and costs;

    h.     award Plaintiff prejudgment and postjudgment interest as provided by law; and,

    i.     provide all other relief to which plaintiff shows himself entitled at law or in equity.

## COUNT TWO - VIOLATION OF THE LAW AGAINST DISCIMINATION

## AGAINST DEFENDANT VERIZON AND DEFENDANT SARNI

28.  Plaintiff repeats the allegations of paragraphs 1-27 as is fully set forth herein.

29.  Defendant Verizon and Defendant Sarni have discriminated against Plaintiff in the terms and conditions of Plaintiff's employment because of Plaintiff's race and racial stereotyping; and because the Defendants participated in, observed and/or failed to take any to remedy the offensive comments made to Plaintiff in reference to his race, the Defendants created and allowed a hostile work environment to exist; and because Plaintiff opposed the unlawful discrimination and harassment by the Defendants and in retaliation for Plaintiff making internal and external complaints of discrimination and harassment, including the filing of grievances and unfair labor practice charges.

**WHEREFORE,** Plaintiff demands judgment against the Defendants and requests the following relief:

   a.  declare and adjudge that the actions of Defendant Verizon and Defendant Sarni alleged in this Complaint constitute discriminatory and retaliatory practices taken against Plaintiff because of his race and exercise of rights in violation of N.J. Stat. Ann. § 10:5-1 *et seq.*;

   b.  direct the Defendants to take specific corrective action for the discrimination and retaliation of Plaintiff in the past and protecting plaintiff from further acts of discrimination and retaliation in the future;

   c.  immediately remove Defendant Sarni and any other official found responsible for discriminatory and retaliatory treatment of Plaintiff from any position which enables them to discriminate or retaliate against any employee;

   d.  enjoin Defendant Verizon from taking personnel action, evaluating employees' performance, placing employees on performance improvement plans, scrutinizing employees' performance, disciplining or discharging employees from employment, criticizing their performance, and otherwise taking any adverse action against employees because of their race and exercise of protected activities;

   e.  order that all criticisms of Plaintiff's job performance and written or documented verbal reprimands or disciplinary action be stricken from all records;

   f.  award Plaintiff back pay, compensatory damages and punitive damages.

   g.  award Plaintiff attorneys fees and costs;

   h.  award Plaintiff prejudgment and postjudgment interest as provided by law; and,

i. provide all other relief to which plaintiff shows himself entitled at law or in equity.

## COUNT THREE - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## AGAINT DEFENDANT VERIZON AND DEFENDANT SARNI

30. Plaintiff repeats the allegations of paragraphs 1-29 as is fully set forth herein.

31. By intentional outrageous conduct with the intent to cause Plaintiff extreme emotional distress, which conduct did cause extreme emotional distress, to plaintiff's substantial damage, Defendant Verizon and Defendant Sarni tortiously intentionally inflicted emotional distress on Plaintiff, for which the Defendants are liable for damages under New Jersey state law, and Plaintiff has no means of relief for such damages under federal law.

32. The conduct, action and inaction of Defendant Verizon and Defendant Sarni as set forth more specifically in this Complaint were intentional and in deliberate disregard of the emotional well-being of Plaintiff, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. The Defendants knew or should have known that such acts or failures to act would cause Plaintiff severe mental anguish and emotional distress, but proceeded to act with deliberate disregard of the high of probability that such emotional distress would follow such actions.

33. As the direct and proximate result of the Defendants' willful and malicious conduct as aforementioned, Plaintiff was publicly humiliated, embarrassed, shocked and suffered extreme mental anguish and distress, as well as attendant physical injuries, all to Plaintiff's damage. Further, Plaintiff's anguish was intensified since these actions were an attempt to inflict serious personal injury on him. By virtue of the willful and malicious nature of Defendant's conduct as aforementioned, Plaintiff is entitled to punitive damages.

34. Defendant is vicariously liable to Plaintiff for the injuries proximately caused by Defendant or any of its agents, servants and/or employees by virtues of the principles of Respondent Superior.

**WHEREFORE,** Plaintiff demands judgment against the Defendants and requests the following relief:

a. order that Defendants make Plaintiff whole for all losses he has suffered, still suffers, and will suffer in terms of lost wages, benefits, insurance and pension coverage, and other fringe benefits of his employment, compensatory damages;

b. award compensatory damages for the physical and emotional injuries, including emotional distress, suffered by Plaintiff, compensatory damages;

c. award Plaintiff punitive damages;

7

     d.    award Plaintiff's attorneys fees, interest and costs incurred by the need to bring this litigation; and

     e.    Grant Plaintiff such relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Nancy S. Sokol*

Nancy S. Sokol, Esquire
**O'BRIEN, BELLAND & BUSHINSKY, LLC**
The Executive Plaza
2111 New Road   Suite 101
Northfield, New Jersey 08225
609-677-7930
Attorneys for the Plaintiff


DEMAND FOR JURY

Jaime Malcolm, Plaintiff, exercises his right under the United States Constitution and applicable statutes and rules and requests that all issues of fact in this action be determined by a jury.